*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*





# OPINION

No. 04-10-00324-CV

**KILLAM RANCH PROPERTIES, LTD.**,
Appellant

v.

**WEBB COUNTY**, Texas,
Appellee

From the 341st Judicial District Court, Webb County, Texas
Trial Court No. 2007-CVQ-001680-D3
Honorable Michael P. Peden, Judge Presiding[1]

## OPINION ON MOTION FOR EN BANC RECONSIDERATION

Opinion by:     Steven C. Hilbig, Justice
Dissenting Opinion by:  Marialyn Barnard, Justice, joined by Sandee Bryan Marion, Justice

Sitting en banc:  Catherine Stone, Chief Justice
              Karen A. Angelini, Justice
              Sandee Bryan Marion, Justice
              Phylis J. Speedlin, Justice
              Rebecca Simmons, Justice
              Steven C. Hilbig, Justice
              Marialyn Barnard, Justice

Delivered and Filed:  April 11, 2012

AFFIRMED IN PART, REVERSED AND REMANDED IN PART; APPELLANT'S MOTION
FOR EN BANC RECONSIDERATION IS GRANTED

---

[1] The Honorable Michael P. Peden, sitting by assignment.

Killam Ranch Properties Motion for En Banc Reconsideration is granted. We withdraw our May 11, 2011 opinion and judgment and issue this opinion and judgment in its place.

This appeal arises from Killam Ranch Properties, Ltd.'s ("Killam") claim that Webb County violated the Texas Local Government Code and the Texas Open Meetings Act when it sold county-owned acreage and easements to Khaledi Properties, Ltd. ("Khaledi"). Killam filed suit against Webb County seeking a declaration the sale was void because of the statutory violations. Killam also filed a lis pendens. Both parties filed motions for summary judgment. The trial court granted Webb County's motions and denied Killam's motions. Killam appeals the denial of its motions and the granting of Webb County's motions. We affirm in part and reverse and remand in part.

## BACKGROUND

### *Factual background*

Webb County owns a 294.24-acre parcel of property commonly known as the Webb County Detention Center, which it acquired from the United States in 1980. The federal government also conveyed easements over land owned by Killam. The easements provide access to the property.

The record reflects that Webb County Commissioners Court passed a resolution to solicit bids to sell the property on November 14, 2005. The original minutes from the meeting state as follows:

> Item No. 9  Discussion and possible action to direct the Webb County Purchasing Agent to solicit requests for proposals for the possible sale of the Webb County Detention Center.
>
> Judge Bruni motioned to approve item as submitted. Cmr. Cortez-Bruner seconded the motion.
>
> Cmr. Gutierrez states that in previous meetings, the Court had set a minimum bid of $10 million and doesn't feed that it should change. She stated that the court was

responsible to the taxpayers and stated that she did not see the need to sell the property anytime soon. She stated that it was hard to make a decision without seeing an appraisal on the property.

Judge Bruni motioned to approve item as submitted with a $10 million minimum bid. Cmr. Garza seconded the motion.

Motion carried 4-1 with Cmr. Gutierrez voting against.

Several years later and after the suit was filed, the commissioners issued an order that amended the original minutes. The order states "Item No. 9 inaccurately reflects that Judge Bruni motioned to approve item as submitted with $10 million minimum bid." (CR1118). The amended minutes eliminated any reference to a minimum bid.

Eloy Ramirez, the Webb County purchasing agent, testified in his deposition regarding the sale of the property and the bidding process. He testified Webb County used the procedure identified in the "local government code" as its standard procedure for the sale of real estate. Ramirez described the sealed bid process in Webb County as "bids are submitted in sealed envelopes and they're opened and read to the public." Although not ordered to do so by the Commissioners Court, Ramirez included in the public bid notice that the property was being sold pursuant to section 263.007 of the Texas Local Government Code.[2] Ramirez testified he determined on his own, based on his background and experience as purchasing agent for Webb County, to use section 263.007 to sell the property. The notices identified the property as 294.24 acres, and stated it was being sold through sealed bid procedure pursuant to section 263.007. The notices made no reference to any easements.

Three entities eventually submitted sealed bids—Khaledi, Killam, and Har Properties Ltd., an entity associated with Khaledi. Khaledi's bid was subject to conditions, including the sale of the county-owned easements over Killam's property. Ramirez recommended the

---

[2] All further references to section 263.007 in this opinion are to that section of the Texas Local Government Code.

commissioners accept Khaledi's bid. On January 9, 2006, the commissioners considered the bids and voted to accept Khaledi's bid. The commissioners met in executive session four times, between January 2006 and October 2006, to discuss the sale of the property to Khaledi.

*Procedural background*

Killam filed a declaratory judgment action against Webb County seeking a declaration the sale of the property was void because the County did not comply with the bidding requirements in section 263.007, or alternatively, the County failed to comply with section 272.001 of the Local Government Code.[3] Killam also asserted that by convening closed meetings to continue negotiations of the sale of the property after the County voted to accept Khaledi's bid, the County violated the Texas Open Meetings Act, and the resulting sale was void.

Killam filed a traditional motion for partial summary judgment on the ground the commissioners court authorized the sale of only the acreage and not the easements. This motion was denied. Killam filed a second traditional motion for summary judgment on its claim the sale was void because Webb County did not comply with sections 263.007 or 272.001 and it violated the Texas Open Meetings Act. This motion was also denied.

Webb County filed a traditional motion for summary judgment on the grounds that it substantially complied with section 263.007 or alternatively, met the requirements of section 272.001. Webb County also filed a no evidence motion for summary judgment, asserting Killam had provided no evidence the County violated the open meetings act and no evidence Webb County conducted closed meetings "to negotiate the Real Estate Sales Contract with Khaledi." The trial court granted both Webb County's motions for summary judgment. Webb County filed a motion for attorneys fees, and Khaledi filed a motion to cancel the lis pendens. The trial court

---

[3] All further references to section 272.001 in this opinion are to that section of the Texas Local Government Code.

granted both motions at the hearing on the motions. The award of attorney's fees was included in the judgment; however, the order canceling the lis pendens was not signed by the trial court until after the court lost plenary power.

## DISCUSSION

## TEXAS LOCAL GOVERNMENT CODE

*Killam's claims*

Killam contends Webb County was required to sell the 294.24 acres pursuant to section 263.007 because the public notice stated the sale was pursuant to that statute. Killam claims Webb County did not comply with section 263.007 because:

1. Webb County failed to "adopt a procedure" for the sealed–bid sale as required by section 263.007;

2. the public notices of the sale were inadequate because neither the public notice nor the bid specifications disclosed that the sale encompassed the easements;

3. Webb County failed to obtain and consider an appraisal before the sale to ascertain the property's fair market value; and

4. Webb County did not determine a minimum bid amount based on the appraisal.

Alternatively, Killam argues Webb County failed to comply with section 272.001(c), which Killam contends requires county-owned easements be sold to abutting property owners.

Killam also claims Webb County accepted an improper bid because Khaledi's bid was not for the "total price for the 294.24 acres;" and Khaledi provided a conditional offer to pay $3,100,000.00 if the acreage was buildable, it was free of easements or restrictions, Webb County granted a warranty of use for single family dwelling or multiple family units, and Webb County separately conveyed the county-owned easement overlying Killam's abutting 24.36 acres. Additionally, Killam contends Khaledi's bid should have been rejected because it was less than the $10 million minimum bid requirement.

*Application of section 263.007of the Texas Local Government Code*

Killam first contends that because Webb County's public notice and bid specifications stated the property would be sold pursuant to section 263.007 of the Texas Local Government Code, Webb County had to comply with that section and section 272.001 was not applicable.

The Texas Local Government Code authorizes counties to sell property through a closed bid procedure under either sections 263.007 or 272.001. *See* TEX. LOC. GOV'T CODE ANN. § 263.007 and § 272.001 (West Supp. 2010). Section 263.007 (a) provides the Commissioners Court of a county may adopt a procedure by which the county may sell or lease any real property through a sealed-bid or sealed-proposal procedure. Unlike section 263.007(a), section 272.001(a) does not include any language requiring local governments to adopt a procedure for the sale of real property; instead it requires only that the local governments comply with the enumerated requirements in section 272.001.

When interpreting statutes, our primary concern is the Legislature's intent as expressed by the language of the statute. *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009); *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). We construe the statute's words according to their plain and common meaning unless a contrary intention is apparent from the context or unless such a construction leads to nonsensical or absurd results. *FKM P'ship, Ltd. v. Bd. of Regents of Univ. of Houston Sys.*, 255 S.W.3d 619, 633 (Tex. 2008); *see also Fleming Foods of Tex., Inc. v. Rylander*, 6 S.W.3d 278, 284 (Tex. 1999). When we interpret a code enacted by the legislature, we read words and phrases in context and construe them according to the rules of grammar and common usage. TEX. GOV'T CODE ANN. § 311.011(a) (West 2005); *Jones v. State*, 175 S.W.3d 927, 930 (Tex. App.—Dallas 2005, no pet.).

Neither section 263.007 nor section 272.001 requires the public notice include a reference to the statute authorizing the sale. Furthermore, section 263.007 subsection (f) provides "[t]he procedure authorized by this section is an alternative procedure to the procedure authorized by Section 272.001." TEX. LOC. GOV'T CODE ANN. § 263.007 (West Supp. 2010). The El Paso court of appeals examined these two sections and concluded:

> Section 272.001(a) provides the requirements for a valid sale of real property to the general public through a sealed bid procedure by units of local government in general, including counties, and that these requirements form an alternative, parallel procedure to the procedure created specifically for counties in Section 263.007. Since Section 263.007 requires the adoption of specific procedures *at the discretion* of the county commissioners, the procedure outlined in Section 272.001(a) constitutes the "default," minimally sufficient procedure with which all units of state government, including counties, must comply in order to conduct a valid sale. . . . The legislature intended Section 263.007 to provide county governments with a mechanism to draft and adopt more specific, extensive requirements relating to the sale of real property, while ensuring that any such rules adopted by a county would contain the minimum requirements for a public sale of real estate.

*Collins v. County of El Paso*, 954 S.W.2d 137, 149 (Tex. App.—El Paso 1997, pet. denied) (emphasis added). We agree with our sister court's interpretation of the two statutes. Section 263.007 gives counties the option to adopt a procedure and if Webb County did not adopt a procedure, then the sale of the property was governed by section 272.001, regardless of whether the public notice stated the sale was pursuant to section 263.007. There is no language in either statute to suggest otherwise.

The minimum requirements of section 263.007 are almost identical to the requirements of Section 272.001(a). The requirements common to both section 263.001 and 272.001 (a) are:

● notice to the general public of the offer of land;
● to be published on two separate dates;
● in a newspaper of general circulation;
● including "a description of the land, including its location;"
● including the procedure by which sealed bids to purchase the land or offers to exchange the land may be submitted; and

● the sale or exchange of the land cannot occur until the fourteenth day after the publication of the second advertisement.

TEX. LOC. GOV'T CODE ANN. §§ 263.007 & 272.001; *see also Collins*, 954 S.W.2d at 147-48. The difference between the minimum requirements of each statute is that section 263.007(c)(2) explicitly requires the commissioners determine the minimally acceptable bid based on an appraisal. Although section 272.001 is silent as to the appraisal requirement, the court in *Collins* determined there was an implied appraisal requirement in 272.001 because subsections (b), (f), and (h) all refer to the determination of fair market value by appraisal, and all the subsections refer to the sale of land for fair market value determined either by appraisal or by public auction. *Collins*, 954 S.W.2d at 147-48*.; see also* Op. Tex. Att'y Gen. No. DM-232 (1993).

Because Webb County Commissioners Court did not adopt a procedure pursuant to section 263.007, as long as the sale complied with the minimum statutory requirements of section 272.001, the sale was proper. *See Collins*, 954 S.W.2d at 147-48.

On rehearing, Killam argues for the first time that "[a]t a minimum, Webb County's advertisement and Ramirez's testimony present a fact issue on whether Webb County did 'adopt a procedure.'" The dissent agrees with Killam and finds "Collins is inapposite here." The dissent would hold that the following evidence is sufficient to raise a fact issue regarding whether Webb County Commissioners Court adopted a procedure for the sale pursuant to section 263.007:

> (1) the Commissioners court officially established a minimum bid of $10 million by a four to one vote; (2) the twenty-year veteran Webb County purchasing agent testified he received direction and instruction from the commissioners Court to sell the property and that Webb County uses section 263.007 in its sales of real property, noting he never remembers Webb County ever using section 272.001 for a sale; and (3) Webb County's public notice and bid specifications specifically referenced section 263.007….

However, the record reflects that although the original minutes reference a $10 million bid, the commissioners court issued an order correcting the original minutes by deleting any reference to a minimum. Accordingly, the original minutes do not constitute any evidence of the intent of Commissioners Court because that body, by its later order amending the minutes, indicated its intent was that no minimum bid was required.

Additionally, Ramirez's testimony is no evidence of the commissioners court's intent to adopt a procedure under section 263.007. Ramirez testified he decided to use section 263.007 on his own, based on his background and experience as purchasing agent for Webb County, and he could not ever remember using section 272.001 of the local government code. When asked if the Webb County agreed with his assessment to use section 263.007, he answered that "he didn't recollect them disagreeing." He testified that the commissioners did not give him any instructions other than to sell the property.

Finally, the dissent appears to make an equity argument that the county should be bound by its notice the sale was pursuant to section 263.007. However, a county is bound only through the acts of its commissioners court. *See Jack v. State*, 694 S.W.2d 391, 397 (Tex. App.—San Antonio 1985, writ ref'd n.r.e.) ("It is well settled that a county can act only through its Commissioner's Court and the authority of the Commissioner's Court as the governing body of the county to make contracts in behalf of the county is limited to that conferred either expressly or by necessary implication by the constitution and laws of this state."). Whatever the policy considerations, the acts of the purchasing agent cannot and did not bind Webb County. *See id.*

As the *Collins* court held, we are unwilling to imply the adoption of local procedures by examining the Commissioners' actions or inactions, "especially given that the adoption of a

procedure under Section 263.007(a) is discretionary, and intended as an alternative to the "default" procedure contained in Section 272.001(a)." *Collins*, 954 S.W.2d at 149.

***Property description***

Killam next contends the property description in the public notice was inadequate because it did not state the sale of the property included the easement. Both sections 263.007(b)(3) and 272.001(a) require the notice provide a description of the land and its location. TEX. LOC. GOV'T CODE ANN. §§ 263.007(b)(3) & 272.001(a). County officials must strictly comply with the property description requirements in order to provide valid notice of a sale. *Collins*, 954 S.W.2d at 151. Strict compliance with notice provisions provides all bidders with an equal opportunity to compete. *See id.* at 151. "Competitive bidding requires the soliciting of bids through advertising in such a manner as to place all potential bidders on an even playing field. This fair and equal treatment is necessary to achieve the best possible bid for the unit of local government." *Id.*

Webb County's notices described the land and its location. All potential bidders received the same information. Webb County was not required to include the easement in the public notice because it is not a "description of land" or a "location" of property within the meaning of the relevant sections. "Unlike a possessory interest in land, an easement is a nonpossessory interest that authorizes its holder to use the property for only particular purposes." *Marcus Cable Assoc., L.P. v. Krohn*, 90 S.W.3d 697, 700 (Tex. 2002) (citing RESTATEMENT (THIRD) OF PROPERTY (Servitudes) § 1.2 cmt. d.). Webb County's property description met the statutory requirements.

Killam contends the record lacks proof the Commissioners authorized or publicized the sale of the easements, and the evidence conclusively shows the only thing contemplated for sale

and advertised to the public was the 294.24 acres. Killam asserts Webb County never contemplated selling the easements until after it held closed door meetings regarding the sale of the acreage. However, Killam's argument fails to appreciate the nature of the easements. It is undisputed the easements in this case are appurtenant[4] to the acreage that was described in the public notice. "An easement appurtenant benefits the property to which it is attached; it cannot be separated from the owner's rights in the land, and it passes with the property." *Holmstrom v. Lee*, 26 S.W.3d 526, 531 (Tex. App.—Austin 2000, no pet.); *see also Drye v. Eagle Rock Ranch, Inc.*, 364 S.W.2d 196, 203 (Tex. 1962). Because the easement necessarily passed with the property, Webb County was not required to include its description in the public notice.

### *Fair Market Value based on appraisal*

Killam also claims Webb County did not conclusively establish it complied with the appraisal requirement of section 263.007(c). Killam contends that section requires specific evidence demonstrating the commissioners reviewed the appraisal and then decided on a fair market value for the property. Killam argues because there is no evidence the commissioners actually considered the appraisal submitted as summary judgment evidence in establishing a fair market value for the property, Webb County was not entitled to summary judgment.

As stated in *Collins* "[s]ection 263.007(c)(1) requires only that county officials obtain an appraisal to establish the fair market value of the land and section 272.001(a) implicitly requires the same procedure." The commissioners obtained an appraisal that valued the property at $2,950.000.00 as of October 26, 2005. The commissioners accepted a bid from Khaledi for

---

[4] An easement is appurtenant when it is necessary and essential to the enjoyment of the dominant estate. *Drye v. Eagle Rock Ranch, Inc.*, 364 S.W.2d 196, 207 (Tex. 1962). "'Appurtenant' means that the rights or obligations of a servitude are tied to ownership or occupancy of a particular unit or parcel of land. The right to enjoyment of an easement or profit, or to receive the performance of a covenant that can be held only by the owner or occupier of a particular unit or parcel, is an appurtenant benefit. A burden that obligates the owner or occupier of a particular unit or parcel in that person's capacity as owner or occupier is an appurtenant burden." RESTATEMENT (THIRD) OF PROPERTY (SERVITUDES) § 1.5 (2000).

$3,100,000.00. There is nothing in the statute that requires anything other than an appraisal that supports the fair market value and the amount of the bid that is accepted. *See Collins*, 954 S.W.2d at 152. Webb County complied with the appraisal requirement.

### *Sale of easements to abutting landowners only*

Killam argues Webb County did not strictly comply with section 272.001(c), which Killam contends only allows the sale of an easement to an abutting landowner. Section 272.001(c) provides that streets or alleys, owned in fee by a county or used by easement may be sold to:

> (1) abutting property owners in the same subdivision if the land has been subdivided; or
> (2) abutting property owners in proportion to their abutting ownership, and the division between owners must be made in an equitable manner.

TEX. LOC. GOV'T CODE ANN. § 272.001(b)(2), (c). Killam argues the easements are on property it owns in fee and it is the only abutting landowner; therefore, only Killam could purchase the easements. A plain reading of the statute demonstrates this provision contemplates only the sale of an easement independent from the sale of real property in fee and has no application to an easement that is appurtenant to property. *Id*.

### *Improper bid*

Killam asserts Khaledi's bid should have been disqualified because it contained conditions outside the public notice and bid specifications. Killam cites no authority that a contract for sale of property is void where the bid includes conditions but there is no evidence the bidder's conditions were accepted. The sales contract here does not contain any of the additional conditions listed in Khaledi's bid.

Killam also contends the Commissioners Court authorized a minimum bid of $10 million and Khaledi's bid should have been rejected because it was for less than that amount. However,

the Commissioners Court later corrected the meeting minutes after determining the minutes "inaccurately" reflected that Judge Bruni's motion to approve the sale of the 294.24 acres included a $10 million minimum bid requirement. The corrected minutes reflect that Commissioner Garza made a motion to sell the property with a $10 million minimum bid but the motion failed. Webb County did not accept an improper bid.

## TEXAS OPEN MEETINGS ACT

Killam alleged the Webb County commissioners violated the Texas Open Meetings Act by "convening closed meetings after January 9, 2006, the date the County voted to accept Khaledi's bid for the Old Detention Center, to engage in ongoing negotiations for the sale of the 294.24 acres of land and to negotiate the Real Estate Sales Contract with Khaledi." Webb County filed a no-evidence motion for summary judgment, asserting Killam had no evidence it violated the Texas Open Meetings Act. Webb County also asserted the executive sessions were conducted pursuant to the legal consultation exception to the Texas Open Meetings Act and there was no evidence Webb County conducted closed meetings "to negotiate the Real Estate Sales Contract with Khaledi." Killam filed a cross-motion, asserting violations of the Act.

The Open Meetings Act requires every regular, special, or called meeting of a governmental body to be open to the public "except as provided by this chapter." TEX. GOV'T CODE ANN. §§ 551.002 (West 2004); *City of San Benito v. Rio Grande Valley Gas Co.*, 109 S.W.3d 750, 757 (Tex. 2003). If the governmental body holds a closed meeting and none of the exceptions to the Texas Open Meetings Act apply, then the closed meeting violates the statute. *Finlan v. City of Dallas*, 888 F. Supp. 779, 783 (N.D. Tex. 1995); *Martinez v. State*, 879 S.W.2d 54, 56 (Tex. Crim. App. 1994).

The attorney consultation exception to the Texas Open Meetings Act provides that a governmental body may conduct a private consultation with its attorney only when the governmental body seeks the advice of its attorney about pending or contemplated litigation or a settlement offer, or on a matter in which the duty of the attorney under the Texas Disciplinary Rules of Professional Conduct clearly conflicts with Chapter 551. TEX. GOV'T CODE ANN. § 551.071 (West 2004). Section 551.071 incorporates the attorney-client privilege. *Olympic Waste Servs. v. City of Grand Saline*, 204 S.W.3d 496, 502 (Tex. App.—Tyler 2006, no pet.); *see also* Op. Tex. Att'y Gen. No. JC-0233 (2000). "Under section 551.071(2), a governmental body may consult with its attorney in executive session to receive advice on the legal issues raised by a proposed contract, but under this provision the governmental body may not discuss the merits of a proposed contract, financial considerations, or other non-legal matters related to the contract merely because its attorney is present." Op. Tex. Att'y Gen. No. JC-0233 (2000). If during an executive session there is discussion of topics outside the scope of the statutory exception for legal advice, then there is a violation of Texas Open Meetings Act. *See Olympic Waste Servs.*, 204 S.W.3d at 502. The legal counsel exception is an affirmative defense on which the governmental entity bears the burden of proof. *City of Farmers Branch v. Ramos*, 235 S.W.3d 462, 466 (Tex. App.—Dallas 2007, no pet.); *Olympic Waste Servs.*, 204 S.W.3d at 504. In this case, Killam alleged the Commissioners Court convened the executive sessions to conduct negotiations regarding the sale of the property to Khaledi, which would exceed the scope of the authority conveyed by section 551.071(2) for executive sessions for consultation with an attorney.

Webb County sought only a no evidence summary judgment based on the legal counsel affirmative defense. A movant cannot file a no-evidence motion for summary judgment on an

affirmative defense that it has the burden to prove at trial. *Selz v. Friendly Chevrolet, Ltd.*, 152 S.W.3d 833, 838 (Tex. App.—Dallas 2005, no pet.); *Thomas v. Omar Invs., Inc.*, 129 S.W.3d 290, 294 (Tex. App.—Dallas 2004, no pet.); *Nowak v. DAS Inv. Corp.*, 110 S.W.3d 677, 680 (Tex. App.—Houston [14th Dist.] 2003, no pet.). Webb County had the burden of proving that the legal counsel exception applied and that it did not exceed the scope of the exception. Webb County did not seek a traditional summary judgment on the Texas Open Meetings Act claim and did not conclusively establish the affirmative defense provided by the statutory exception allowing the governmental entity to avoid an open meeting by consulting with its attorney. Therefore, Webb County was not entitled to summary judgment on Killam's Texas Open Meetings Act claim and the trial court erred in granting the motion.

Killam also appeals the trial court's denial of its cross motion for summary judgment on the Texas Open Meetings Act claim. *See Olympic Waste Servs.*, 204 S.W.3d at 501 (when cross-motions are filed, appellate court decides all issues presented and renders judgment trial court should have rendered). When the plaintiff moves for summary judgment it must conclusively prove each element of the cause of action as a matter of law. *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex. 1972); *Ortega-Carter v. Am. Int'l Adjustment Co.*, 834 S.W.2d 439, 441 (Tex. App.—Dallas 1992, writ denied). The plaintiff meets the burden if it produces evidence that is sufficient to support an instructed verdict at trial. *See Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984). If a defendant relies on an affirmative defense the plaintiff is not required to negate the affirmative defense; rather, the defendant must come forward with evidence sufficient to raise an issue of fact on its affirmative defense. *Id.*

Killam's motion for summary judgment asserted Webb County violated the Texas Open Meetings Act because the closed door meetings did not come within the real estate or attorney

consultation exceptions. Killam relied on the Commissioners Court's meeting minutes to establish the Commissioners Court went into executive session in violation of the Texas Open Meetings Act. The minutes clearly indicate the Commissioners Court went into executive session on issues related to the sale of the property and that the executive sessions were requested pursuant to the attorney consultation and real estate exceptions in sections 551.071(2) and 551.072. Because the attorney consultation exception is an affirmative defense, Killam was not required to conclusively negate its application; however, if there is evidence in the record raising a fact issue on the defense then Killam was not entitled to summary judgment.

Webb County asserted in its response to Killam's motion that it was relying on the attorney consultation exception. Although Webb County did not present any responsive summary judgment evidence, Killam's evidence raises a fact issue on whether the attorney consultation exception applies. *Olympic Waste Servs.*, 204 S.W.3d at 501 (when reviewing competing motions for summary judgment, court considers all the evidence accompanying both motions.); *Dallas Cnty. Appraisal Dist. v. Inst. for Aerobics Research*, 766 S.W.2d 318, 319 (Tex. App.—Dallas 1989, writ denied). The minutes from the meetings Killam contends were conducted in violation of the Texas Open Meetings Act reflect the executive sessions were conducted pursuant to the attorney consultation and real estate exceptions. This evidence is sufficient to raise a fact issue regarding Webb County's affirmative defense and the trial court properly denied Killam's motion for summary judgment.

**LIS PENDENS**

Killam next contends the order cancelling the lis pendens is a nullity because it was signed more than thirty days after the trial court rendered final judgment. Khaledi agrees that the order was signed after the trial court lost plenary power, but argues the order was a proper nunc pro tunc judgment to correct a clerical error.

After a judgment has become final, the trial court can correct only a clerical error in the judgment. *Escobar v. Escobar*, 711 S.W.2d 230, 231 (Tex. 1986). "A clerical error is a discrepancy between the entry of a judgment in the record and the judgment that was actually rendered by the court, and does not arise from judicial reasoning or determination." *Rawlins v. Rawlins*, 324 S.W.3d 852, 855 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (citing *Escobar*, 711 S.W.2d at 231 (Tex. 1986) and *Andrews v. Koch*, 702 S.W.2d 584, 585 (Tex. 1986)). A judgment is rendered when the trial court officially announces its decision either orally in open court or by memorandum filed with the clerk. *S & A Restaurant Corp. v. Leal*, 892 S.W.2d 855, 857 (Tex. 1995). "Although it is correct that whether an error in a judgment is judicial or clerical on appeal is a question of law, what judgment the trial court actually *rendered* initially is a question of fact for the trial court, and it is only after the trial court makes a factual determination of what it actually *rendered* that the judicial or clerical question becomes a question of law on appeal." *Thompson v. Tex. Dept. of Human Res.*, 859 S.W.2d 482, 484 (Tex. App.—San Antonio 1993, no writ) (emphasis in original). Thereafter, appellate courts may only review the trial court's factual determinations on whether a judgment has been rendered for no evidence and factual insufficiency of the evidence. *Escobar*, 711 S.W.2d at 232; *Thompson*, 859 S.W.2d at 484. The appellate court may not substitute their judgment for the judgment of the trial court in this respect. *Escobar*, 711 S.W.2d at 232; *Thompson*, 859 S.W.2d at 484.

At the hearing where the court considered attorney's fees, entry of judgment, and cancellation of the lis pendens, the trial court indicated its intent to grant the motion to cancel the lis pendens. However, the final judgment signed on April 1, 2010 did not did not include an order canceling the lis pendens. Khaledi did not file a motion for nunc pro tunc judgment and there is no evidence of the circumstances surrounding the entry of the order canceling the lis pendens. The order is not in the clerk's record, and there are no factual determinations for us to review. Because there is nothing in the record to demonstrate the trial court's basis for the signing of the order canceling the lis pendens after plenary power expired, we cannot hold it was a proper nunc pro tunc judgment. The order canceling the lis pendens is nullity.

Khaledi also argues that Killam lacked standing to file the lis pendens because Killam failed to comply with section 12.007 of the Property Code, and lack of standing is a jurisdictional issue that can be raised for the first time on appeal. However, whether Killam complied with section 12.007 is not an issue of standing. Rather, "'standing focuses on the question of who may bring an action.'" *The M.D. Anderson Cancer Ctr. v. Novak*, 52 S.W.3d 704, 708 (Tex. 2001) (quoting *Patterson v. Planned Parenthood*, 971 S.W.2d 439, 442 (Tex. 1998)).

A lis pendens may be filed during the pendency of an action involving title to real property, the establishment of an interest in real property, or an enforcement of an encumbrance against real property. TEX. PROP. CODE ANN. § 12.007 (West 2009). The purpose of a lis pendens is to put parties interested in a particular tract of land on notice as to the facts and issues involved in a suit or action concerning that particular tract. *In re Jamail*, 156 S.W.3d 104, 108 (Tex. App.—Austin 2004, orig. proceeding); *In re Collins*, 172 S.W.3d 287, 292-93 (Tex. App.—Fort Worth 2005, no pet.); *Garza v. Pope*, 949 S.W.2d 7, 8 (Tex. App.—San Antonio 1997, no writ). A lis pendens is not an independent claim, *Collins v. Tex Mall, L.P.*, 297 S.W.3d 409, 418 (Tex.

App.—Fort Worth 2009, no pet.) and has no existence separate and apart from the litigation of which it gives notice. *Taliaferro v. Smith*, 804 S.W.2d 548, 550 (Tex. App.—Houston [14th Dist.] 1991, no writ).

The issue raised by Khaledi is whether the statutory requirements for filing notice of lis pendens were met. This is not a standing issue and cannot be raised for the first time on appeal. Therefore, we do not have jurisdiction to cancel the lis pendens, and upon remand the issue can be raised in the trial court.

## ATTORNEY'S FEES

The attorney's fees were awarded to Webb County pursuant to the Uniform Declaratory Judgment Act in connection with the grant of summary judgment on both the Local Government Code and Texas Open Meetings Act claims. Because we are reversing and remanding the Open Meetings Act claim, in the interest of justice we are reversing and remanding the attorney's fee award for further consideration after the Texas Open Meetings Act claim is determined.

## CONCLUSION

The trial court correctly granted Webb County's motion for summary judgment on Killam's claim that the County violated sections 263.007 and 272.001 of the Texas Local Government Code. However, the trial court improperly granted Webb County's no evidence motion for summary judgment on the alleged Texas Open Meetings Act violations. We reverse and remand the judgment on Killam's claim the Texas Open Meetings Act was violated because Webb County did not conclusively establish its affirmative defense. Finally, we reverse and remand the attorney's fee award for further consideration after the Texas Open Meetings Act claim is determined.

Steven Hilbig, Justice