

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00754-CV

John A. **LANCE** and Debra L. Lance,
Appellants

v.

Judith and Terry **ROBINSON**, Gary and Brenda Fest, Virginia Gray, and Butch Townsend,
Appellees

From the 216th Judicial District Court, Bandera County, Texas
Trial Court No. CV-12-209
N. Keith Williams, Judge Presiding

Opinion by:   Rebeca C. Martinez, Justice

Sitting:       Catherine Stone, Chief Justice
               Rebeca C. Martinez, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed:  March 6, 2013

AFFIRMED

In this interlocutory appeal, we consider whether the trial court abused its discretion in overruling a motion to dissolve a temporary injunction. Because we conclude the trial court did not abuse its discretion, we affirm the judgment of the trial court.

### BACKGROUND

On October 13, 2011, John and Debra Lance purchased Lot 8, a waterfront property in the Redus Point Addition Subdivision located on Medina Lake in Bandera County. Lot 8 was transferred to the Lances by F.D. and Helen Franks by way of a Warranty Deed With Vendor's

Lien. The Franks also conveyed to the Lances a Deed Without Warranty With Vendor's Lien to a .282-acre tract of land on the lakefront to the east of Lots 8 and 1, below Elevation 1084. Adjacent to Lot 8 are Lots 1, 2, and 3, owned by Judith Robinson, Brenda Fest, and Virginia Gray, respectively. All lots are waterfront property. The .282-acre tract of land lies between Lot 1 and Medina Lake and includes all or part of a wooden pier, deck, and boat ramp belonging to Judith and Terry Robinson, Gary and Brenda Fest, Virginia Gray, and Butch Townsend[1] (hereinafter, Appellees), and other waterfront property owners in the Subdivision. In April 2012, the Lances sent a letter to Judith Robinson informing her that they were going to fence off the .282 acres and that if Robinson did not remove the deck within 30 days, the Lances would remove it. In June 2012, the Lances began building a permanent wooden fence around the .282-acre area, blocking access to the beachfront. The Lances also cut trees, posted "no trespassing" signs, and told their neighbors they were not allowed to use the disputed area.

On June 13, 2012, Appellees filed their "Original Petition and Application for Temporary Restraining Order." Appellees asked for "a temporary restraining order pursuant to TRCP 680 and a temporary and permanent injunction, pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 12.003 and other applicable law." The petition alleged that the Deed Without Warranty from the Franks to the Lances is fraudulent and was recorded in violation of Chapter 12 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 12.002-.03 (West Supp. 2012). Specifically, Appellees alleged that the Franks did not own any property below Elevation 1084 to convey to the Lances and that record legal title to the property belongs to the Bandera-Medina-Atascosa Counties Water Control and Improvement District No. 1 (subject to any implied easements appurtenant, littoral/riparian rights, and other common law or equitable rights that may exist in favor of the waterfront property owners). Appellees alleged

---

[1] Townsend is Gray's son.

that the Lances conspired with the Franks and intended to use the fraudulent deed to assert a bogus claim to the land and infringe on the use and enjoyment of the land by Appellees and other waterfront property owners in the Subdivision. The petition alleged that Appellees have "at least an equitable interest in the subject property in the form of an implied easement appurtenant and other equitable and littoral/riparian rights." Appellees also alleged claims for injury to property and nuisance and requested declaratory relief.

Appellees obtained an ex-parte temporary restraining order which prohibited the Lances from building the fence and making any changes or alterations to any area of the Subdivision outside Lot 8. On July 16, 2012, the trial court held a hearing and thereafter granted Appellees' request for a temporary injunction. The temporary injunction order provides that a temporary injunction is necessary to preserve the status quo and prevent immediate and irreparable injury, loss, and damage to Appellees due to the building of a fence and claim of exclusive right of possession to the .282-acre area. The order further provides that Appellees "and other members of the community have used the lakefront including the disputed area for many years" and that "[t]here is a dock, deck and boat ramp located on or in the vicinity of the disputed area. These structures were built by members of the community, including some of the [Appellees] herein, at their own expense. [Appellants] have denied access to these structures."

On September 12, 2012, the Lances filed a motion to dissolve the temporary injunction, arguing that the trial court lacked subject matter jurisdiction to grant the temporary injunction because Appellees do not own an interest in the real property at issue. A hearing was held on October 29, 2012, after which the trial court signed an order denying the motion to dissolve the

temporary injunction. The Lances timely perfected this interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (West Supp. 2012).[2]

## DISCUSSION

On appeal, the Lances argue that the trial court abused its discretion in overruling their motion to dissolve the temporary injunction because the trial court lacked jurisdiction to grant the temporary injunction given that Appellees lack standing to seek a temporary injunction.

### *Standard of Review and Applicable Law*

The determination of whether to dissolve a temporary injunction lies within the sound discretion of the trial court, and we will not overrule its determination absent an abuse of discretion. *See Kassim v. Carlisle Interests, Inc.*, 308 S.W.3d 537, 540 (Tex. App.—Dallas 2010, no pet.); *Universal Health Srvs. Inc. v. Thompson*, 24 S.W.3d 570, 580 (Tex. App.— Austin 2000, no pet.). A trial court abuses its discretion when it acts in an unreasonable and arbitrary manner or when it acts without reference to any guiding principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). When, as here, the interlocutory appeal is from an order denying a motion to dissolve, and the initial order granting temporary injunctive relief was not appealed, we do not consider the propriety of the trial court's decision granting the initial injunctive relief. *See Murphy v. McDaniel*, 20 S.W.3d 873, 877 (Tex. App.—Dallas 2000, no pet.). We presume the injunction was not improvidently granted and that the record as a whole supports the trial court's action. *See id.* We do not review the reporter's record from the hearing on the application for injunctive relief. *See id.*; *see also Tober*

---

[2] Section 51.014(a)(4) of the Texas Civil Practice and Remedies Code provides as follows:
(a) A person may appeal from an interlocutory order of a district court, county court at law, or county court that:
. . . .
(4) grants or refuses a temporary injunction or grants or overrules a motion to dissolve a temporary injunction as provided by Chapter 65[.]

TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (West Supp. 2012).

*v. Turner of Tex., Inc.*, 668 S.W.2d 831, 835 (Tex. App.—Austin 1984, no writ). Our review in this instance is limited to the narrow question of whether the trial court's action in overruling the motion to dissolve the temporary injunction constituted a clear abuse of discretion. *Murphy*, 20 S.W.3d at 877.

The purpose of a motion to dissolve is "to provide a means to show changed circumstances or changes in the law that require modification or dissolution of the injunction; the purpose is not to give an unsuccessful party an opportunity to relitigate the propriety of the original grant." *Tober*, 668 S.W.2d at 836. Thus, a trial court generally has no duty to dissolve an injunction unless fundamental error has occurred or conditions have changed. *See Cellular Mktg., Inc. v. Houston Cellular Tel. Co.*, 784 S.W.2d 734, 735 (Tex. App.—Houston [14th Dist.] 1990, no writ).

Fundamental error exists in those rare instances in which the record affirmatively and conclusively shows that the court rendering the judgment was without jurisdiction of the subject matter. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 577 (Tex. 2006); *Pirtle v. Gregory*, 629 S.W.2d 919, 920 (Tex. 1982) (per curiam). "The existence of subject matter jurisdiction may be raised for the first time on appeal by the parties or the court on its own motion." *It's The Berrys, LLC v. Edom Corner, LLC*, 271 S.W.3d 765, 769 (Tex. App.—Amarillo 2008, no pet.); *Kassim*, 308 S.W.3d at 541. Standing is a component of subject-matter jurisdiction and is a constitutional prerequisite to maintaining a lawsuit under Texas law. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–44 (Tex. 1993); *In the Interest of J.C.*, - - - S.W.3d - - - , No. 04-12-00116-CV, 2012 WL 3808597, at *2 (Tex. App.—San Antonio Aug. 31, 2012, no pet.). "When standing to bring a particular type of lawsuit has been conferred by statute, we use that statutory framework to analyze whether the petition has been filed by a proper party." *In the Interest of J.C.*, 2012 WL 3808597, at *2 (citing *Jasek v. Tex. Dep't of Family & Protective Servs.*, 348

S.W.3d 523, 528 (Tex. App.—Austin 2011, no pet.)).  The petitioner must allege and establish standing within the parameters of the statutory language.  *Jasek*, 348 S.W.3d at 528.  Generally, when we review the standing of a party for the first time on appeal, we look to the facts alleged in the petition, construe the petition in favor of the party, and if necessary, review the record to determine if any evidence supports standing.  *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000); *Tex. Air Control Bd.*, 852 S.W.2d at 446; *City of San Antonio v. Headwaters Coalition, Inc.*, 381 S.W.3d 543, 548 (Tex. App.—San Antonio 2012, pet. denied).

*Analysis*

On appeal, the Lances argue that Appellees are not entitled to seek relief under Chapter 12 of the Texas Civil Practice and Remedies Code and, therefore, have no standing to seek to enjoin a violation of Chapter 12; thus, the trial court did not have subject matter jurisdiction to issue the temporary injunction.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 12.003 (West Supp. 2012).  Chapter 12 is titled "Liability Related to a Fraudulent Court Record or a Fraudulent Lien or Claim Filed Against Real or Personal Property."  Section 12.003(a)(8) provides, in relevant part, that "a person who owns an interest in the real or personal property" may bring an action to enjoin a violation[3] of Chapter 12 or to recover damages under Chapter 12.  *Id*. § 12.003(a)(8). The injured party may recover statutory damages, actual damages, exemplary damages, attorney's fees, and costs.  *Id*. § 12.002(b).

The Lances argue that Appellees do not own an interest in the .282 acres at issue, but merely claim an equitable interest by virtue of "an express easement of use and access and

---

[3] A violation occurs when a person makes, presents, or uses a document or other record with: (1) knowledge that the document or other record is a fraudulent court record or a fraudulent lien or claim against real or personal property or an interest in real or personal property; (2) intent that the document or other record be given the same legal effect as a court record or document of a court created by or established under the constitution or laws of this state or the United States or another entity listed in Section 37.01, Penal Code, evidencing a valid lien or claim against real or personal property or an interest in real or personal property; and (3) intent to cause another person to suffer.  *Id*. § 12.002(a) (West Supp. 2012).

littoral rights running with the land which were reserved by their common grantor and/or a common law easement appurtenant arising from the nature of lakefront property." The Lances further contend that Appellees do not qualify as persons who "own an interest" in land because an easement is a nonpossessory interest that merely authorizes its holder to use the property of another without conferring ownership rights in the real property. *See, e.g., Killam Ranch Props., Ltd. v. Webb County*, 376 S.W.3d 146, 155 (Tex. App.—San Antonio 2012, pet. denied). The Lances repeatedly assert that Appellees have no claim under the Franks deed and no right to set it aside. They also contend that Appellees do not own an express easement or easement appurtenant to use and access the property at issue, but merely a license or easement in gross. In sum, the Lances maintain that Appellees have neither pleaded nor established an express easement.

When reviewing an order denying a motion to dissolve a temporary injunction, we are restricted to reviewing the pleadings and the record from the hearing on the motion to dissolve the temporary injunction. *See Murphy*, 20 S.W.3d at 877. At the hearing on the motion to dissolve the temporary injunction, the trial court asked Appellees' counsel to respond to the lack of standing argument raised by the Lances. Counsel stated:

> The evidence in the first hearing and our pleadings support the fact that the Plaintiffs have an express easement in the area in question. That was a reservation in the Spettle deed. The Court may remember that we talked about that at length. There was an express reservation of rights to use the lakefront that was in the chain of title of the Plaintiffs. So they have an express easement in the property. And even if they didn't have an express easement, they had an implied easement appurtenant, which is a well-recognized, long-established implied easement right in property in a situation where — for example, where a person has both lakefront property and paid a premium for property that's on the lakefront and where lack of access to the lakefront, to the areas that go along with that have — have a deleterious effect on the value, property value of the property in question. And I've got cases I can cite to the Court for that, but it really is well-established doctrine in Texas. So in terms of the rights, we had an express easement rights based on the original Spettle deed and we have implied easement appurtenant rights that go along with the Plaintiffs' property.

In addition, Appellees' counsel stated:

> Also note that Chapter 12 talks about real property and personal property. There was undisputed testimony at the first hearing that there was a pier, dock and other structures constructed on it, on the lakefront, by my clients and other members of the community, and they were being denied access to those structures, not just the property, itself. So we think that the record and the pleadings clearly establish that we have standing.

Although the Lances argue that Appellees own no easement or other interest in the property at issue, we must presume, based on the record before us, that the injunction was providently granted. *See id.* In both their pleadings—which we construe in their favor—and argument at the hearing on the motion to dissolve, Appellees claimed that they hold an easement allowing them to use and access the .282-acre area. An easement is a real property interest. *See Marcus Cable Assocs., L.P. v. Krohn*, 90 S.W.3d 697, 700 (Tex. 2002); *Zinsmeyer v. State*, 646 S.W.2d 626, 628 (Tex. App.—San Antonio 1983, no writ) ("Since an easement is an interest in land, an easement owner is entitled to compensation if the easement is extinguished by a taking."); *see also Severance v. Patterson*, 370 S.W.3d 705, 720, 725 (Tex. 2012). Additionally, Appellees alleged that they own the pier, dock, and boat ramp located on the .282-acre area, and the Lances have not disputed that ownership interest on appeal; thus, Appellees have standing to seek an injunction pursuant to section 12.003(a)(8) ("a person who owns an interest in the real or personal property"). Accordingly, both Appellees' pleadings and their arguments to the trial court at the hearing on the motion to dissolve support Appellees' claim of standing as easement holders and personal property owners under section 12.003(a)(8). Based on the record before us, we cannot conclude that the trial court abused its discretion in denying the motion to dissolve the temporary injunction.

*Frivolous Appeal*

Appellees seek an award of damages on the basis that the Lances filed a frivolous appeal. We may, on the motion of any party or on our own initiative, award a prevailing party "just damages" if we determine that the appeal is frivolous. TEX. R. APP. P. 45. An appeal is frivolous when the record, viewed from the perspective of the advocate, does not provide reasonable grounds for the advocate to believe the case should be reversed. *Smith v. Brown*, 51 S.W.3d 376, 381 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). The decision to grant appellate damages as sanctions is a matter of discretion that must be exercised with prudence and caution and only after careful deliberation. *Id.* We will impose sanctions only in circumstances that are truly egregious. *Id.*

After considering the record and briefs before us, we decline to characterize the appeal as frivolous and similarly decline to award sanctions against the Lances.

### CONCLUSION

Based on the foregoing, we affirm the judgment of the trial court.

Rebeca C. Martinez, Justice