

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-12-00716-CV

Maria **SANCHEZ** d/b/a Progressive Painters,
Appellant

v.

Michael **SCHROECK** and Rebecca Schroeck,
Appellees

From the 33rd District Court, Burnet County, Texas
Trial Court No. 38284
Honorable Guilford L. Jones, III, Judge Presiding

Opinion by:     Sandee Bryan Marion, Justice

Sitting:        Sandee Bryan Marion, Justice
                Marialyn Barnard, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  June 26, 2013

REVERSED AND REMANDED

Appellant, Maria Sanchez d/b/a Progressive Painters, appeals from a summary judgment rendered in favor of appellees, Michael and Rebecca Schroeck, in which the trial court decreed appellees held title to certain real property free and clear of appellant's mechanic's and materialman's lien on the grounds that appellant's lien was extinguished by foreclosure of a superior first lien.  On appeal, appellant asserts the trial court erred in granting appellees' traditional and no-evidence motions for summary judgment.  We reverse and remand.

**BACKGROUND**

In 2008, James Cope purchased the real property at issue in this appeal. Campos Colinas Development, LLC is the entity that conveyed the property via a Warranty Deed to Cope in 2008. Cope granted to Stock Loan Services a Construction Deed of Trust securing a $225,000.00 vendor's lien for the purpose of purchasing the property and constructing improvements on the property. The Deed of Trust was executed on July 25, 2008 and recorded on July 31, 2008. Also on July 25, 2008, Cope (as borrower) and Stock Loan (as lender) executed a Construction Loan Agreement ("Loan Agreement") that included the following provision:

> NO CONSTRUCTION PRIOR TO RECORDING OF SECURITY INSTRUMENT: Borrower will not permit any work or materials to be furnished in connection with the Project until (A) Borrower has signed the related Documents; (B) Lender's mortgage or deed of trust and other Security Interests in the Property have been duly recorded and perfected; (C) Lender has been provided evidence, satisfactory to Lender, that Borrower has obtained all insurance required under this Agreement or any Related Documents and the Lender's liens on the Property and improvements are valid perfected first liens, subject only to such exceptions, if any, acceptable to Lender.

Although the Loan Agreement required no construction, work, or materials before the date the deed of trust was recorded—July 31, 2008—Cope and Ron Bruno signed an Affidavit of Non Commencement,[1] stating that construction of improvements on the property had not begun and no material to be used in constructing the improvements had been delivered to the property as of the date of the Loan Agreement—July 25, 2008.

On January 15, 2009, appellant filed an Affidavit of Mechanic's and Materialman's Lien ("Affidavit"), in which she claimed that she provided labor and/or furnished material to improve

---

[1] The affidavit contains a signature line for "Contractor (entity)," which is blank. Underneath this line, are Bruno's name and signature, as well as his title of "President." The name of the entity of which he is "President" is not indicated on the affidavit.

Cope's property in the months of October and November 2008. Appellant claimed the amount of $1,456.30 remained due and owing to her.

Cope later defaulted on the loan, and Stock Loan foreclosed on its Construction Deed of Trust and purchased the property on April 6, 2010. On July 8, 2010, Stock Loan conveyed the property to appellees.

On November 22, 2010, appellant sued appellees. Appellant contended her lien extended to appellees' property and, although she provided them with notice of her claim, she has not received payment. Appellant asked the trial court to establish her right to payment from appellees and establish her statutory lien on the property and improvements and her lien on proceeds from the sale of the property.

Appellant moved for a partial summary judgment and appellees moved for a traditional and no-evidence summary judgment. On September 15, 2011, the trial court granted appellant's motion for summary judgment, holding that she had established a valid lien on the property and ordering the property foreclosed and sold with appellant having a lien on the proceeds. In its order, the trial court also denied appellees' motion for summary judgment. The next day, appellees filed an amended answer asserting as affirmative defenses lien extinguishment and release. Appellees also filed a motion asking the trial court to reconsider its summary judgment ruling. Appellant responded and also filed a no-evidence motion for summary judgment on appellees' affirmative defenses. On April 4, 2012, the trial court set aside its order granting appellant's motion for summary judgment, and denied all previously urged motions for summary judgment.

About a month later, appellees again moved for both a traditional and no-evidence summary judgment. Appellant responded. On June 28, 2012, the trial court granted appellees' traditional and no-evidence motion for summary judgment and decreed appellees held title to the property free and clear of appellant's mechanic's lien on the grounds that appellant's lien was

extinguished by foreclosure of the first lien Construction Deed of Trust on April 6, 2010. In this appeal, appellant challenges both the traditional and no-evidence summary judgments rendered in favor of appellees. She does not challenge the trial court's denial of her motion for partial summary judgment.

## TRADITIONAL SUMMARY JUDGMENT[2]

We review an order granting a traditional motion for summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). A traditional motion for summary judgment should be granted only when the movant establishes there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law on the grounds expressly set forth in the motion. TEX. R. CIV. P. 166a(c); *Browning v. Prostok*, 165 S.W.3d 336, 344 (Tex. 2005).

In their motion for a traditional summary judgment, appellees asserted that when the Construction Deed of Trust was foreclosed all inferior mechanic's liens, including appellant's, were extinguished by operation of law. Appellees also argued appellant's lien did not relate back to a time before the initial construction began because there was no general construction contract. Therefore, appellees concluded, the inception date of appellant's mechanic's lien was in October 2008, long after Stock Loan's Deed of Trust was perfected. In response, appellant argued a construction contract existed between Cope and the general contractor and, therefore, the inception

---

[2] Appellees also moved for a no-evidence summary judgment in which they asserted there was no evidence "to refute that [appellant's] lien was extinguished by foreclosure of the superior deed of trust," no evidence of a general contract, and the Affidavit of Non Commencement was prima facie evidence that no work had begun and no materials had been supplied prior to execution of the Construction Deed of Trust. However, in their amended answer, appellees asserted lien extinguishment as an affirmative defense. A movant cannot file a no-evidence motion for summary judgment on an affirmative defense that it has the burden to prove at trial. *Killam Ranch Props., Ltd. v. Webb County*, 376 S.W.3d 147, 157 (Tex. App.—San Antonio 2012, pet. denied). Therefore, to the extent appellees pled lien extinguishment as an affirmative defense; they were not entitled to a no-evidence summary judgment. *Id.* at 158. Accordingly, we consider only whether appellees conclusively established their entitlement to a traditional summary judgment on the issue of whether appellant's mechanic's lien was extinguished.

date of her lien was the date the construction contract was executed, which, according to appellant, was before the Deed of Trust was recorded on July 31, 2008. On appeal, appellant argues the trial court erred because (1) the relation-back doctrine applies; (2) for purposes of lien superiority, a deed of trust lien is perfected when recorded, not when executed; and (3) there is a clear factual dispute about whether construction began between July 25, 2008 and July 31, 2008.

A valid foreclosure on a senior lien (sometimes referred to as a "superior" lien) extinguishes a junior lien (sometimes referred to as "inferior" or "subordinate") if there are not sufficient excess proceeds from the foreclosure sale to satisfy the junior lien. *See, e.g., Diversified Mortg. Investors v. Lloyd D. Blaylock Gen. Contractor, Inc.*, 576 S.W.2d 794, 808 (Tex. 1978); *Kothari v. Oyervidez*, 373 S.W.3d 801, 807 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). For the purpose of determining whether a mechanic's lien is superior, "[a]s a general rule, a properly perfected mechanic's lien 'relates back' to a time referred to as the inception of the lien for the purpose of determining lien priorities." *Diversified Mortgage*, 576 S.W.2d at 800. In general, mechanic's liens whose inception is subsequent to the date of a deed-of-trust lien will be subordinate to the deed-of-trust lien. *Id.* at 806.

However, if there is a general contract regarding the construction of improvements to the property, courts apply the relation-back doctrine to determine the time of a mechanic's lien's inception. *Oriental Hotel v. Griffiths*, 33 S.W. 652, 653-54 (Tex. 1895). Under this doctrine, the inception date of subsequently perfected mechanic's liens will relate back to the date of a general contract for a building or other improvement between the owner of the land and a contractor for the construction of which the mechanic contributed. *Id.* at 653; *see also McConnell v. Mortg. Inv. Co. of El Paso*, 305 S.W.2d 280, 283 (Tex. 1957); *Inman v. Orndorff*, 596 S.W.2d 236, 238 (Tex. Civ. App.—Houston [1st Dist.] 1980, no writ); *see also Finger Furniture Co. v. The Chase*

*Manhattan Bank*, 413 S.W.2d 131, 137 (Tex. Civ. App.—San Antonio 1967, writ ref'd n.r.e.) (considering constitutional lien and relation-back rule of *Oriental Hotel*).

In *Oriental Hotel*, on February 28, 1890, John Griffiths, as contractor, entered into a general construction contract with the hotel company as owner whereby he agreed to construct a proposed hotel building according to plans and specifications for the sum of $315,000 and shortly thereafter began the work contemplated by the contract. The building was completed but certain claims for labor and material were not paid and a dispute arose between the holders of such claims, which were secured by statutory mechanic's and materialman's liens, and the holders of bonds secured by a deed of trust against the property that was executed by the hotel company on May 1, 1890 and recorded twenty days thereafter.

The Supreme Court held the mechanic's and materialman's liens related back and had their inception as of the date of Griffiths' contract of February 28, 1890 rather than the dates upon which the labor was performed or the materials furnished. Thus, priority was given to such liens although the labor and materials giving rise to the liens were furnished after the date of the deed of trust securing the bonds. Griffiths' general construction contract was given controlling importance as fixing the date of the inception of the mechanic's and materialman's liens. 33 S.W. at 662-63.

In their motion for a traditional summary judgment, appellees acknowledged the relation-back doctrine, but they argued that because there was no general construction contract in this project, the date of inception of appellant's mechanic's lien was no earlier than October 2008, the date appellant began work on the project. Appellees also relied on the Affidavit of Non Commencement, stating that construction of improvements on the property had not begun as of July 25, 2008 and no material to be used in constructing the improvements had been delivered to the property as of July 25, 2008. Appellees argued Stock Loan's lien attached on July 25, 2008 when the Deed of Trust was executed. Appellant argues the relevant date for determining which

lien is superior is the date the deed of trust was recorded (July 31, 2008), not the date it was executed (July 25, 2008). Appellant contends that while the Affidavit of Non Commencement may show no construction commenced before July 25, 2008, it does not establish whether any construction commenced before July 31, 2008. We need not decide which date is the relevant date for determining lien superiority because, as explained below, we conclude that appellant raised a genuine issue of material fact on whether a construction contract existed and, therefore, on whether her lien was superior to Stock Loan's lien under the relation-back doctrine.

Appellant argues that, although her work and/or materials were supplied after the Deed of Trust was executed and recorded, the inception date of her lien relates back to a construction contract in existence prior to that date; therefore, her lien is superior. In support of this argument, in her Affidavit, appellant stated as follows:

> Pursuant to a contract by and between [appellant] and Johnny Ramirez and/or Ryan Haberer on behalf of Unique Homes of Texas Inc. and/or Campo Colinas Development LLS and/or CC Development LLC, [appellant] has performed labor and/or furnished material to improve [the subject property].
>
> [Appellant] was employed by and/or furnished materials or labor to Johnny Ramirez and/or Ryan Haberer on behalf of Unique Homes of Texas Inc. and/or Campo Colinas Development LLS and/or CC Development LLC for the improvements for which a lien is claimed. . . .
>                                         . . .
> The owner or reputed owner of the [subject property] is James Cope . . . .
>
> The original contractor for the improvements for which a lien is claimed is Unique Homes of Texas Inc. and/or Campo Colinas Development LLS and/or CC Development LLC. . . . .

Appellant attached to her summary judgment response the affidavit of Daniel Orozco who attested that in approximately August 2008, on behalf of appellant, he "entered into a contract with Unique Homes to do painting for many new-home constructions, including" Cope's. Orozco stated Unique Homes was the original contractor of the project who contracted directly with Cope,

and Unique Homes contracted the work out to him pursuant to the contract with Cope. Orozco alleged Unique Homes still owes him $1,456.30 for his labor.

Appellant also contends the following summary judgment evidence raises a fact issue on the existence of a general construction contract: (1) the Construction Deed of Trust secured a vendor's lien for the purpose of constructing improvements, (2) the Loan Agreement was executed to obtain a loan to construct improvements, (3) the Loan Agreement references a "General Contractor" and defines "Construction Contract" as "the contract dated July 25, 2008 between Borrower and the general contractor for the Project," and (4) the Affidavit of Non Commencement was signed by a Ron Bruno as "President," although the identity of the "Contractor" was left blank. Finally, in reference to the Affidavit of Non Commencement, appellant points to the language of the Loan Agreement which obligated Cope to "[c]ommence construction of the Project no later than July 25, 2008, and cause the improvements to be constructed and equipped in a diligent and orderly manner and in strict accordance with the Plans and Specifications approved by Lender, the Construction Contract, and all applicable laws, . . . ."

We conclude appellant raised a genuine issue of material fact on the issue of the existence of a contract between Cope and a contractor and on the issue of when construction of improvements of which appellant contributed under the contract began. Thus, appellees did not establish as a matter of law that the inception date of appellant's mechanic's lien was subsequent to the deed-of-trust lien. Accordingly, the trial court erred in rendering a traditional summary judgment in favor of appellees.

## CONCLUSION

We reverse the trial court's summary judgment in favor of appellees and remand the cause to the trial court for further proceedings.

Sandee Bryan Marion, Justice