**Petition for Writ of Mandamus Conditionally Granted in Part, Denied in Part, and Memorandum Opinion filed March 3, 2015.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-14-01005-CV

_____

### IN RE CITY OF GALVESTON, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**122nd District Court**
**Galveston County, Texas**
**Trial Court Cause No. 12-CV-0348**

---

## MEMORANDUM OPINION

On December 19, 2014, relator the City of Galveston, Texas (the "City") filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable John Ellisor, presiding judge of the 122nd District Court of Galveston County, to vacate an order requiring relator to produce an audio recording to real party in interest Indian Beach Property Owners'

Association, Inc. (the "Association"). We conditionally grant relator's petition in part, and deny it in part.

## I. BACKGROUND

### *The Contested Zoning Decision*

Judy Shorman, who is not a party to this original proceeding, sought to operate a dog kennel on her property that is surrounded by the Indian Beach residential subdivision. Accordingly, Shorman filed an application with the City for approval of a general land use plan for her proposed kennel. Following two public hearings, the City of Galveston Planning Commission denied the application. Shorman then appealed the Planning Commission's decision to the Galveston City Council.

Shorman's appeal was noticed as an agenda item for the City Council's public pre-meeting workshop to be held on February 23, 2012. Also noticed on the agenda for the pre-meeting workshop was a closed executive session pursuant Section 551.071 of the Texas Government Code, a provision of the Texas Open Meetings Act ("TOMA"), to discuss certain legal matters unrelated to Shorman's appeal (hereinafter, "Other Agenda Items"). The City Council meeting was scheduled later on the same day as the workshop, and Shorman's appeal was noticed as an agenda item for the meeting.

At the pre-meeting workshop on February 23, 2012, various issues related to Shorman's appeal were publicly discussed by members of the City Council and the City's staff. In the course of that discussion, a City Council member asked the City Attorney a question regarding the authority of the City to deny a general land use

2

plan when the proposed use is listed as a permissible use for the zoning district at issue. The City Attorney responded that she could not answer the legal question in a public setting, and that the councilmember's question would be better answered in a closed session. After further discussion on the agenda item, the Mayor stated: "We'll have an executive session around noon and we'll talk about it more." Later in the workshop, as the City Council was preparing to go into executive session, the Mayor publicly announced that the executive session agenda would be supplemented to include obtaining legal advice related to Shorman's appeal.

The City Council then recessed the workshop and met in closed executive session. The audio of the full executive session was recorded, but the City has not publicly released the recording. At the public City Council meeting following the conclusion of the pre-meeting workshop, the City Council formally heard Shorman's appeal of the Planning Commission's decision. Numerous individuals spoke on the matter, including Shorman and the attorney for the Association. After hearing the comments, the City Council voted to reverse the decision of the Planning Commission and thereby approve Shorman's general land use plan to operate the proposed dog kennel on her property.

### The Trial Court's Order

The Association filed suit against the City, challenging the decision to approve Shorman's application. In its live pleading, the Association seeks declaratory and injunctive relief on the grounds that the City Council's approval of Shorman's general land use plan is void for being in violation of TOMA. Among other allegations, the Association specifically alleges that the City Council's executive session on February 23, 2012 was illegal because it involved discussion

3

of factual issues related to Shorman's application, which the Association claims is outside of the narrow exception for private attorney-client communications authorized by TOMA.

During the course of the underlying litigation, the Association filed a motion requesting that the trial court order the City to produce all recordings and documents of the February 23, 2012 executive session to the court for *in camera* inspection pursuant to another provision of TOMA, Section 551.104(b) of the Government Code, specifically so the court could determine the basis for the City Council's decision to reverse the Planning Commission's decision on Shorman's application. Following the City's response and a hearing on the motion, the trial court issued a written order granting the Association's motion for inspection, requiring the City to provide to the court the recording of the executive session for *in camera* review. The City duly complied with the trial court's order. The City resubmitted the recording to the court approximately 18 months later, apparently because the original submission had been misplaced.

On December 10, 2014, the trial court *sua sponte* issued to the parties a memorandum order stating that the audio recording of the City Council's executive session "should be made available to the attorney for the [Association] within ten working days of this memo." In its order, the court referenced its earlier order that the City provide the recording for *in camera* review. The court further found that the stated purpose of the closed executive session was to obtain legal advice pursuant to Section 551.071 of the Government Code. The court concluded, however, that the executive session "exceeded the scope" of that section. The court then quoted statements from the *Open Meetings Handbook* published by the

4

Attorney General of Texas—including that "[a] governmental body may not invoke section 551.071 to convene a closed session and then discuss matters outside of that provision," and "[g]eneral discussion of policy, unrelated to legal matters, is not permitted under the language of [this exception] merely because an attorney is present." (last alteration in original).

The City seeks mandamus relief from the trial court's order to disclose the recording of the executive session to the Association. On December 22, 2014, we ordered enforcement of the trial court's order stayed pending consideration of the City's mandamus petition. In its sole issue presented, the City asserts that the trial court's order conflicts with TOMA's authorization to conduct closed executive sessions for the purpose of obtaining privileged legal advice.

## II. THE MANDAMUS STANDARD

Generally, mandamus relief is appropriate only when the trial court clearly abused its discretion and the relator has no adequate remedy by appeal. *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding). A trial court abuses its discretion if it: (1) reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law; (2) clearly fails to correctly analyze or apply the law; or (3) acts without reference to any guiding rules or principles. *In re Park Mem'l Condo. Ass'n, Inc.*, 322 S.W.3d 447, 449–50 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding). An appellate remedy is adequate when any benefits to mandamus review are outweighed by the detriments. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding). As the party seeking relief, the relator bears the burden of demonstrating entitlement to mandamus relief. *See In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (per curiam)

(orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding).

### III. ANALYSIS

### *May this Court Conduct an* **In Camera** *Review of the Audio Recording?*

In support of its mandamus petition, the City filed with this court under seal a copy of the audio recording of the City Council's February 23, 2012 closed executive session and an unofficial transcription of the portion of that recording pertaining to Shorman's appeal. The Association argues that this court cannot conduct an independent *in camera* review of the audio recording in evaluating the City's mandamus petition, because to do so would be to impermissibly substitute this court's judgment for that of the trial court on a question of fact. *See, e.g.*, *In re Sanders*, 153 S.W.3d 54, 56 (Tex. 2004) (per curiam) (orig. proceeding) ("In determining whether the trial court abused its discretion with respect to resolution of factual matters, we may not substitute our judgment for that of the trial court . . . ."). The Association's argument is misplaced.

The central question the trial court decided in issuing the challenged order was whether the substance of the City Council's discussion of Shorman's appeal during the closed executive session exceeded the scope of the exception provided in Section 551.071 of the Government Code. The Association asserts that this is a factual determination, and thus generally cannot be disturbed on mandamus. Contrary to the Association's assertion, however, the question of whether a closed meeting exceeded the permissible scope of an authorization provided by TOMA is a mixed question of law and fact. In some circumstances—for example, where the only contemporaneous memorialization of a closed meeting is an agenda or

6

summary minutes rather than a verbatim transcript or recording—pure factual questions may exist regarding the executive session, such as what was discussed, whether any actions were taken, and who was present. But once the salient facts are determined, the provisions of TOMA must be applied to those facts to determine whether a closed meeting was proper.

By asking this court to conduct an *in camera* review of the audio recording of the City Council's February 23, 2012 closed executive session, the City is not seeking to have this court to disturb any factual determinations of the trial court. The facts of what precisely was said during the closed executive session are readily ascertainable from the audio recording. The trial court issued its order after an *in camera* review of that recording. Therefore, our review of the recording would simply provide us with the same body of facts that was before the trial court. What the City challenges in this original proceeding is not a finding as to what was said during the executive session, but rather the trial court's legal conclusion that what was said exceeded the scope of Section 551.071. On that issue, the trial court has no discretion. *See, e.g.*, *In re Guggenheim Corporate Funding, LLC*, 380 S.W.3d 879, 883 (Tex. App.—Houston [14th Dist.] 2012, orig. proceeding [mand. dism'd]) (per curiam) ("A trial court has no discretion in determining what the law is or applying the law to the facts.").

When necessary, this court has reviewed information *in camera* to decide questions within its purview. *See, e.g.*, *In re WHMC*, 996 S.W.2d 409, 413 (Tex. App.—Houston [14th Dist.] 1999, orig. proceeding) (noting that an affidavit "when viewed with the *in camera* documents" sufficiently established that the documents are privileged); *see also Barnes v. Whittington*, 751 S.W.2d 493, 495

(Tex. 1988) (orig. proceeding) ("[T]his court must review the documents themselves to determine if they clearly support the privilege as a matter of law."). Accordingly, we have conducted our own *in camera* review of the audio recording, and we base our analysis on the facts obtained from that review.

### What Are the General Parameters of TOMA Implicated in this Case?

TOMA is codified in Chapter 551 of the Texas Government Code. Its core purpose is "to enable public access to and to increase public knowledge of government decisionmaking." *Burks v. Yarbrough*, 157 S.W.3d 876, 881 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (quoting *City of San Antonio v. Fourth Court of Appeals*, 820 S.W.2d 762, 765 (Tex. 1991) (orig. proceeding)). TOMA requires that "[e]very regular, special, or called meeting of a governmental body shall be open to the public, except as provided by this chapter." Tex. Gov't Code Ann. § 551.002 (West 2012). TOMA further specifies various procedural requirements pertaining to government meetings, including, for example, that notice of meetings be given and that meetings be recorded or minutes be prepared. *See, e.g.*, Tex. Gov't Code Ann. §§ 551.021 (West Supp. 2014), 551.041 (West 2012).

At issue in this original proceeding is an exception to TOMA's open meeting requirement that the City relied upon as authorization for the February 23, 2012 closed executive session. That exception provides: "A governmental body may not conduct a private consultation with its attorney except[] . . . (2) on a matter in which the duty of the attorney to the governmental body under the Texas Disciplinary Rules of Professional Conduct of the State Bar of Texas clearly

8

conflicts with this chapter." Tex. Gov't Code Ann. § 551.071 (West 2012).[1] Ordinarily, TOMA requires that any meeting properly closed under its provisions still be recorded or that a certified agenda of the meeting be prepared, but private attorney-client consultations permitted under Section 551.071 are exempted from this requirement. Tex. Gov't Code Ann. § 551.103(a) (West Supp. 2014). As noted above, the City voluntarily chose to make an audio recording of the closed executive session even though it was meeting pursuant to Section 551.071.

Parties that believe a governmental body has violated or will violate TOMA may seek judicial redress. Tex. Gov't Code Ann. § 551.142(a) (West 2012); *see also Kessling v. Friendswood Ind. Sch. Dist.*, 302 S.W.3d 373, 379–81 (Tex. App.—Houston [14th Dist.] 2009, pet. denied). "In litigation in a district court involving an alleged violation" of TOMA, the court:

(1) is entitled to make an in camera inspection of the certified agenda or recording [of a closed meeting];

(2) may admit all or part of the certified agenda or recording as evidence, on entry of a final judgment; and

(3) may grant legal or equitable relief it considers appropriate, including an order that the governmental body make available to the public the certified agenda or recording of any part of a meeting that was required to be open under this chapter.

Tex. Gov't Code Ann. § 551.104(b) (West Supp. 2014). An order under Section 551.104(b)(3) is the only provision of TOMA authorizing the public disclosure of a

---

[1] Subsection (1) of this provision also permits such private consultations with the government's attorney to obtain advice on "pending or contemplated litigation," or "a settlement offer," Tex. Gov't Code Ann. § 551.071(1) (West 2012), but this authorization is not relied upon by the City in this case.

recording of a closed meeting. *See* Tex. Att'y Gen. Op. No. JM-995 (1988), 1988 WL 406323 at *2–3; *see also* Tex. Gov't Code Ann. § 551.146 (West Supp. 2014) (establishing that unauthorized disclosure of a recording of a lawfully closed meeting is a criminal violation).[2]

### *What is the Scope of the Section 551.071(2) Exception?*

Several courts have recognized that the exception to the open meeting requirement for attorney consultations in Section 551.071 incorporates the attorney-client privilege. *See, e.g.*, *Killam Ranch Props., Ltd. v. Webb Cnty.*, 376 S.W.3d 146, 157 (Tex. App.—San Antonio 2012, pet. denied) (en banc) (op. on reh'g); *Tex. State Bd. of Pub. Accountancy v. Bass*, 366 S.W.3d 751, 759 (Tex. App.—Austin 2012, no pet.); *Olympic Waste Servs. v. City of Grand Saline*, 204 S.W.3d 496, 502 (Tex. App.—Tyler 2006, no pet.); *see also* Tex. Att'y Gen. Op. No. JC-0233 (2000), 2000 WL 817085 at *2. The parties to this original proceeding do not dispute the core proposition that Section 551.071(2) authorizes closed meetings for the purpose of obtaining legal advice, but they do dispute the precise scope of this authorization and the corresponding application to the executive session recording. Specifically, the City argues that the complete communication between an attorney and client, including factual information, is privileged, and thus is within the scope of Section 551.071—but the City concedes that discussions of policy unrelated to legal matters is not within the scope of this section. The Association argues in response that the City's construction would

---

[2] Opinions of the Attorney General of Texas are not controlling on the courts, but they are viewed as persuasive. *See Holmes v. Morales*, 924 S.W.2d 920, 924 (Tex. 1996); *Solum Eng'g, Inc. v. Starich*, No. 14-13-00428-CV, 2014 WL 4262175, *2 (Tex. App.—Houston [14th Dist.] Aug. 28, 2014, pet. denied) (mem. op.).

"create a gaping hole in TOMA," and that any discussion that strays from legal advice is outside the scope of this section.

The Supreme Court of Texas "demand[s] exact and literal compliance with the terms" of TOMA. *Acker v. Tex. Water Comm'n*, 790 S.W.2d 299, 300 (Tex. 1990); *see also Willmann v. City of San Antonio*, 123 S.W.3d 469, 473 (Tex. App.—San Antonio 2003, pet. denied) ("The provisions of TOMA are mandatory and are to be liberally construed in favor of open government."). "[A] governmental body cannot invoke section 551.071 to convene a closed session and then discuss topics outside of section 551.071." *Gardner v. Herring*, 21 S.W.3d 767, 776 (Tex. App.—Amarillo 2000, no pet.). "If during an executive session there is discussion of topics outside the scope of the statutory exception for legal advice, then there is a violation of [TOMA]." *Killam*, 376 S.W.3d at 157.

In construing Section 551.071, the Attorney General has likewise rejected an expansive interpretation, stating that "[t]he exceptions" in TOMA "are narrowly drawn." Tex. Att'y Gen. Op. No. JC-0233 (2000), 2000 WL 817085 at *4. As the Attorney General explained:

> [T]he communication must be related to an opinion on law or legal services or assistance in some legal proceeding. Thus, a governmental body may hold an executive session to seek or receive the advice of its attorney only with regard to matters in which it seeks the attorney's <u>legal</u> advice . . . . If the discussion does not relate to a specific legal proceeding, the closed door discussion with the attorney must be limited to legal matters. *General discussion of policy, unrelated to legal matters, is not permitted . . . merely because an attorney is present.*

11

*Id.* at *3 (quoting, with added emphasis, Tex. Att'y Gen. Op. No. JM-100 (1983), 1983 WL 163523 at *2). Several courts have followed the Attorney General's opinion in this regard, as we now do. *See, e.g.*, *Killam*, 376 S.W.3d at 157; *Bass*, 366 S.W.3d at 759; *Olympic*, 204 S.W.3d at 502.

Thus, for an executive session to be proper under Section 551.071(2), any discussion during that session must be limited to the facilitation of legal advice by the government's attorney to the governmental body. *See* Tex. Att'y Gen. Op. No. JC-0506 (2002), 2002 WL 1047850 at *4 ("[S]ection 551.071 applies only if a governmental body conducts privileged attorney-client communications."); *Huie v. DeShazo*, 922 S.W.2d 920, 923 (Tex. 1996) (orig. proceeding) ("In Texas, the attorney-client privilege protects confidential communications between a client and attorney made for the purpose of facilitating the rendition of professional legal services to the client."). Any discussion that is not for the purpose of facilitating legal advice is not appropriate in a closed session under Section 551.071(2), even if such discussion has some connection to the matter on which legal advice is being sought. *See Olympic*, 204 S.W.3d at 503 (concluding consultations with city attorney about the consequences and legal ramifications from terminating a contract qualified as legal advice under Section 551.071, but a discussion of alternative contractual options did not); Tex. Att'y Gen. Op. No. JC-0233 (2000), 2000 WL 817085 at *3 ("[A] governmental body may consult with its attorney in executive session to discuss the legal issues raised in connection with awarding a contract, but it may not discuss the merits of a proposed contract, financial considerations, or other nonlegal matters in an executive session held under section 551.071 of the Government Code.").

Although the exception in Section 551.071 is limited—and, consequently, a governmental body's discussion during an executive session must be circumscribed to avoid exceeding the scope of the authorization—the means by which a governmental body solicits and receives legal advice from its attorney does not necessarily follow a formulaic construct. TOMA does not mandate that communications between the governmental body and the government's attorney in an executive session under Section 551.071 adhere to a rigid stricture of direct legal question immediately followed by a direct legal answer, but rather that the purpose of any discussion is to facilitate the rendition of legal advice by the government's attorney.

For example, courts have recognized that members of the governmental body may express certain opinions during a closed meeting. *See, e.g.*, *Bass*, 366 S.W.3d at 762 ("[T]he statute contemplates that some deliberations may occur in executive session, but establishes that the final resolution of a matter must occur in open session. . . . TOMA does not prohibit . . . members in an executive session from expressing their opinions on an issue or announcing how they expect to vote on the issue in the open meeting, so long as the actual vote or decision is made in open session.") (internal citations and quotations omitted); *City of Farmers Branch v. Ramos*, 235 S.W.3d 462, 468 (Tex. App.—Dallas 2007, no pet.) ("[W]e agree with the general proposition that TOMA does not prohibit expression of opinions in proper, closed meetings . . . ."); *Weatherford v. City of San Marcos*, 157 S.W.3d 473, 485 (Tex. App.—Austin 2004, pet. denied) ("The Act does not prohibit the expression of opinions in a closed session, as long as the actual vote or decision is made in an open session.").

In light of these principles, we conclude that the conveyance of factual information or the expression of opinion or intent by a member of a governmental body may be appropriate in a closed meeting pursuant to Section 551.071 if the purpose of any such statement is to facilitate the rendition of legal advice by the government's attorney. *But cf.* Tex. Gov't Code Ann. § 551.102 (West 2012) (providing that "[a] final action, decision, or vote on a matter deliberated in a closed meeting . . . may only be made in an open meeting"). The Texas Disciplinary Rules of Professional Conduct note that "[f]ree discussion should prevail between lawyer and client in order for the lawyer to be fully informed and for the client to obtain the full benefit of the legal system." Tex. Disciplinary Rules Prof'l Conduct R. 1.05 cmt. 1;[3] *see also* Tex. Gov't Code Ann. § 551.071(2) (West 2012) (defining scope of exception by reference to the Disciplinary Rules). It may not be possible for the government's attorney to provide appropriate legal advice unless that attorney has an understanding of what the members of the governmental body think about a particular matter, including, in some circumstances, how members anticipate voting on a matter. *See Bass*, 366 S.W.3d at 762 n.10 ("Preventing a governmental body's members from expressing their opinions on an issue, including how they expect to vote, would unreasonably limit governmental bodies from permissible deliberations in executive sessions.").

Furthermore, members of the governmental body may only be able to discuss the impact of the attorney's legal advice in the context of a closed session, because to discuss it openly may reveal the confidential advice, which would

---

[3] *Reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G, app. A (West 2013) (Tex. State Bar R. art. X, § 9).

negate the purpose of Section 551.071(2). *See Markowski v. City of Marlin*, 940 S.W.2d 720, 726–27 (Tex. App.—Waco 1997, writ denied) ("[I]t follows that a governmental body has as much right as an individual to consult with its attorney without risking the disclosure of important confidential information. The legislature obviously had this purpose in mind when it enacted section 551.071 . . . . [L]ogic dictates that the information discussed at that meeting should be protected by the attorney-client privilege.") (internal citation omitted).

Whether any discussion during a closed executive session was for the purpose of facilitating the rendition of legal advice by the government's attorney necessarily will be a context-specific inquiry. We thus turn our focus to the City Council's February 23, 2012 closed executive session.

### *Did the Trial Court Order the Disclosure of Communications Properly Closed to the Public Under Section 551.071(2)?*

The City challenges the trial court's order to disclose the recording of the closed executive session to the Association in two ways. First, the City argues that the entire discussion about Shorman's appeal was proper under Section 551.071(2) because it all related to a legal matter. Second, the City argues that regardless of whether the discussion of Shorman's appeal was proper in the closed executive session, the trial court's order is overly broad because it requires the disclosure of the full audio recording, which includes the City Council's discussion of the Other Agenda Items that are unrelated to Shorman's appeal. We will address the latter issue first.

The Association does not contest that the portions of the audio recording concerning the Other Agenda Items that are unrelated to Shorman's appeal are

15

protected from disclosure, and it further disclaims any intent to obtain those portions. The trial court's order, however, is ambiguous as to the intended scope. On one hand, the court made no explicit reference to the portions of the recording concerning the Other Agenda Items. Also, the court references in the order the "draft transcript" provided by the City along with the recording, in which only the portion of the recording related to Shorman's appeal was transcribed. However, the order also refers to the "audio tape," and references its prior order granting the Association's request for *in camera* inspection. The court's prior order required the City to provide "the recording tapes from the closed executive session of the City Council held on February 23, 2012." Likewise, the Association's motion requested the production of "all recordings and documents of the closed Executive Session of the City Council held February 23, 2012."

The only basis the trial court would have to order the production of those portions of the recording containing the discussion of the Other Agenda Items would be if the discussion of the Other Agenda Items exceeded the scope of the exception provided in Section 551.071. *See* Tex. Gov't Code Ann. § 551.104(b)(3) (West Supp. 2014) (providing that a court may "order that the governmental body make available to the public the . . . recording of any part of a meeting that was required to be open under this chapter"). The trial court did not identify in its order any reason why the discussion of the Other Agenda Items exceeded the scope of the exception, and it does not appear the Association alleged any such reason. Therefore, construing the trial court's order to require the production of the entire audio recording would not be a correct application of the law. "When an ambiguous order is susceptible to two reasonable constructions, an appellate court

16

should adopt the construction that correctly applies the law." *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997) (per curiam). Thus, in light of the ambiguity, the best reading of the trial court's order is that it requires the City to produce only the portion of the audio recording concerning Shorman's appeal.

By contrast, there is no ambiguity regarding the trial court's order as it pertains to the portion concerning the discussion of Shorman's appeal. The order reflects a categorical conclusion that the City Council's discussion on that matter exceeded the scope of Section 551.071. In other words, the trial court determined that the discussion was not for the purpose of facilitating the rendition of legal advice by the City Attorney on Shorman's appeal. *See* Tex. Att'y Gen. Op. No. JC-0506 (2002), 2002 WL 1047850 at *4; Tex. Att'y Gen. Op. No. JC-0233 (2000), 2000 WL 817085 at *4.

We agree that certain aspects of the discussion of Shorman's appeal during the closed executive session exceeded the scope of Section 551.071(2). Although these statements may have pertained to Shorman's appeal, these statements were not for the purpose of facilitating the rendition of legal advice. We do not agree, however, that the entirety of the discussion of Shorman's appeal during the closed executive session exceeded the scope of Section 551.071(2). There are portions of the executive session in which the conversation was for the purpose of facilitating the rendition of legal advice pertaining to Shorman's appeal. The trial court's authorization to order the disclosure of a recording of a closed executive session extends only to "any *part* of a meeting that was required to be open under this chapter." Tex. Gov't Code Ann. § 551.104(b)(3) (West Supp. 2014) (emphasis added). By ordering that all discussion on Shorman's appeal be disclosed to the

17

Association, the trial court ordered the disclosure of parts of the meeting that were properly closed under TOMA. In so doing, the trial court abused its discretion. But the trial court did not abuse its discretion with respect to those aspects of the discussion that were not for the purpose of facilitating the rendition of legal advice, and thus not proper in a closed session under Section 551.071(2).

We will not attempt in the context of this original proceeding to parse out the specific portions of the audio recording that are outside the scope of Section 551.071. We believe it is best left to the trial court in the first instance to delineate those statements in the audio recording that were to facilitate the rendition of legal advice, and those that were not.

### *Does the City Have an Adequate Remedy by Appeal?*

To be entitled to mandamus relief, the City must not only demonstrate an abuse of discretion by the trial court, but also that it lacks an adequate remedy by appeal. *See Reece*, 341 S.W.3d at 364. The trial court's order required the disclosure of the audio recording within a set number of days from the issuance of the order. But the underlying litigation remains ongoing. Therefore, the effect of the trial court's order is to require the public disclosure of information—some of which, as we have discussed, was properly closed to the public under Section 551.071(2)—before the City would have an opportunity to pursue any appellate relief from that order. This is equivalent to an interlocutory discovery order requiring the disclosure of privileged information, a situation for which mandamus relief is available. *See, e.g.*, *In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d 218, 223 (Tex. 2004) (per curiam) (orig. proceeding) ("Mandamus is proper when the trial court erroneously orders the disclosure of privileged information because the

18

trial court's error cannot be corrected on appeal."); *see also Prudential*, 148 S.W.3d at 136 (stating mandamus review may be necessary "to preserve important substantive and procedural rights from impairment or loss"). We thus conclude that the City lacks an adequate remedy by appeal.

## CONCLUSION

We conditionally grant the City's petition for writ of mandamus to the extent the trial court ordered the disclosure of those portions of the audio recording of the City Council's February 23, 2012 closed executive session on Shorman's appeal that were properly closed to the public under Section 551.071(2) of the Government Code. We deny relator's petition for writ of mandamus with respect to those portions of the audio recording where the closed discussion exceeded the scope of Section 551.071(2). We accordingly direct the trial court to vacate its December 10, 2014 order for the City to disclose the audio recording of the entire discussion of Shorman's appeal during the executive session, and to instead exclude from its order of disclosure those parts of the discussion that were for the purpose of facilitating the rendition of legal advice. We are confident that the trial court will act in accordance with our opinion. The writ will issue only if the trial court fails to do so.

We further lift our stay granted on December 22, 2014.

PER CURIAM

Panel consists of Justices Jamison, Busby, and Brown.

19